EDWARD A. DAY v. THE MAYOR, &c., OF MORRISTOWN.

Submitted July 12, 1898—Decided November 7, 1898.

An act entitled "An act authorizing the cities of this state to appropriate moneys for the celebration of the Fourth of July, Washington's Birthday and Decoration Day," approved March 10th, 1880, does not apply to Morristown, which is incorporated as a "town" by an act of the legislature passed in 1865.

On *certiorari*.

Before Justices DEPUE, VAN SYCKEL and GARRISON.

*Edward A. Day, pro se.*

For the defendant, *Stephen H. Little.*

The opinion of the court was delivered by

VAN SYCKEL, J.   Morristown was incorporated as a "town" by an act of the legislature passed in 1865. *Pamph. L., p.* 819.

The proceedings which the prosecutor has caused to be certified into this court for review were taken by the mayor and aldermen of Morristown under an act entitled "An act authorizing the cities of this state to appropriate moneys for the celebration of the Fourth of July, Washington's Birthday and Decoration Day," approved March 10th, 1880. *Gen. Stat., p.* 1942, § 10.

Unless this act applies to incorporated "towns" as well as. to "cities," the action taken by the defendant municipality in pursuance of it is without authority and must be set aside. It is restricted in its title and by its terms to "cities," and can be extended to "incorporated towns" only by construction, by imputing to the legislature an intention to give it that enlarged scope and purpose.

The question involved can be solved by reference to various other acts passed at the legislative session of 1880.

An act was approved February 19th, 1880 (*Pamph. L., p.* 40), expressly giving to town councils and township committees certain specified powers.

An act was approved March 3d, 1880 (*Pamph. L., p.* 106), entitled "An act to authorize the erection of city halls in cities of this state which are not the owners of buildings used as such halls."   No reference is made in the body of the act to "towns."

An act was approved March 4th, 1880 (*Pamph. L., p.* 112), entitled "An act authorizing the incorporated cities and towns of the state to pay their firemen and policemen disabled while in the discharge of their public duties a reasonable compensation during the time they are so disabled."

On the same day last mentioned an act was approved entitled "An act concerning cities," in which the word "town" does not occur. *Pamph. L.* 1880, *p.* 113.

On the same day an act with a like title was passed, in which there is no reference to "towns." *Pamph. L.* 1880, *p.* 114.

On the 10th of March, 1880, an act was passed in relation to taxes assessed in any town, city or municipality in this state. *Pamph. L., p.* 157.

On the same day the act in question in this case, entitled as aforesaid, was approved. *Pamph. L.* 1880, *p.* 172.

From these references it is apparent that the legislature of 1880 did not use the words "cities" and "towns" interchangeably, but that each of those terms was employed with a distinct and definite meaning.

When the legislative action was directed to making provision for "cities" the word "cities" alone was used in the title and body of the act. When the legislation was intended to apply to "towns" the word "towns" alone was used, and when the legislative purpose was to extend the enactment to both towns and cities it was so expressly declared.

There is nothing in the act upon which the municipal action in this case is based which indicates an intention on the part of the legislature to embrace within its operation municipalities other than "cities," in the strict sense of that word. Whether, under its title, it could be made applicable to cities may be questionable.

The conclusion to be reasonably drawn from the course of legislation is that this act was intended to apply to cities only, and not to incorporated towns. If the act had been for towns the legislature, it is to be presumed, would have so declared, as it did in other cases to which reference has been made.

The resolution certified into this court must be set aside, with costs.