## SAMUEL W. JONES v. THE MAYOR AND BOARD OF ALDERMEN OF MORRISTOWN.

Submitted February 20, 1901—Decided June 10, 1901.

1. An act entitled "An act to establish an excise department in cities of this state" cannot be applied to a "town," although in its enacting clause it is provided that it shall apply to "any town or city."
2. The title of an act is a limitation upon the extent to which effect can be given to it.

On *certiorari.*

Before Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *George T. Werts.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This writ is brought to set aside an ordinance passed by the defendant to establish a board of excise commissioners for Morristown, pursuant to the provisions of an act entitled "An act to establish an excise department in cities of this state," passed April 8th, 1884.

It is claimed that the provisions of the act of 1884 were extended to Morristown by a supplement to said act passed February 24th, 1892 (*Pamph. L., p.* 29), which provides "that it shall be lawful for the common council or other governing body of any town or city of this state, except cities of the first class, by ordinance, to provide for the establishment within and for such towns or city of a board of excise commissioners appointed pursuant to the provisions of the supplemental act."

Subsequent sections provide how the Court of Common Pleas shall appoint the said board of excise.

The act of 1884 applies both by its title and by its provisions to cities only, while the supplement of 1892 is made to embrace by its first and subsequent sections towns as well as cities.

It is well settled that the title of an act is a limitation upon the extent to which effect can be given to it. *Evernham* v. *Hulit,* 16 *Vroom* 53; *Hendrickson* v. *Fries, Id.* 555; *Dobbins* v. *Northampton,* 21 *Id.* 496; *Allen* v. *Township of Bernards,* 28 *Id.* 303; *Cooper* v. *Springer,* 36 *Vroom* 594.

Morristown is not a city and therefore the act of 1884 and its supplement of 1892 cannot apply to it. *Day* v. *Morristown,* 33 *Vroom* 571.

Whether, in the distribution of the powers of government under our state constitution, the appointment of excise commissioners under these acts can be regarded as a judicial function is a question which it is not necessary to consider in this case.

The ordinance certified is illegal and should be set aside.