HENDRY, Judge.
Plaintiff-appellants Ray Baillie and others, who are residents and freeholders of *694 the Town of Medley, seek review of a final summary judgment for the defendant-appellee Town and named officials, entered in a class action for declaratory relief under § 86.011 Fla.Stat., F.S.A. The suit sought to determine whether (1) the officials’ family relationships violate the Florida Anti-Nepotism Statutes, §§ 116.10 [superceded as of January 1, 1970] and 116.-111 [effective January 1, 1970] Fla.Stat., F.S.A. and (2) Tobbin and Chaffin by holding two positions violated Article II, Section 5 of the 1969 Florida Constitution, F.S.A. We affirm.
By an unreported order of this court of February 7, 1972, the trial court was respectfully requested to enter an order nunc pro tunc clarifying the judgment appealed by stating whether or not the trial court construed a controlling provision of the Florida Constitution. Upon receipt of the order, the trial court entered an order nunc pro tunc clarifying the final judgment appealed stating that the judgment did not construe a controlling provision of the Florida Constitution, and that the trial court found that there was no violation of the Article II, Section 5 of the Florida Constitution. Therefore, we have jurisdiction.
The facts are largely uncontested. Immediately prior to the April 8, 1968, special meeting of the Town Council, oaths of office were administered to the newly elected councilmen Tobie Wilson and Floyd J. Neff; Councilman Walker was not so sworn.
At the April 8, 1968, special meeting Councilman Floyd J. Neff moved that Emmett K. Chaffin be re-appointed Mayor for an additional two year term, seconded by Councilman Tobie Wilson. Voting in favor of the motion were Mayor Chaffin and Councilmen Wilson and Neff; Councilman Dreeson abstained.
At the April 8, 1968, special meeting Councilman Neff moved to pass a resolution removing August H. Dreeson as Town Clerk and appointing Ella Jane Wilson, who was then a Deputy Town Clerk, to fill that position. After Councilman Wilson’s second, Mayor Chaffin and Councilmen Neff and Wilson voted in favor of the resolution, with Councilman Dreeson abstaining. Ella Jane Wilson is the daughter of Mayor Chaffin and the wife of Councilman Wilson.
In separate council action, all paid personnel in the police and fire department had their employment terminated, Floyd J. Neff was appointed Police and Fire Commissioner, and Councilman Tobie Wilson and Kenneth Chaffin were named temporary police officers (to serve without compensation). These actions passed upon the affirmative votes of Mayor Chaffin, Councilmen Wilson and Neff, and Councilman Dreeson’s abstentions. Tobie Wilson and Kenneth Chaffin, who is the son of Mayor Emmett K. Chaffin, are brothers-in-law.
On May 20, 1968, it appears that Kenneth Chaffin held the position of Detective Lieutenant and Councilman Tobie Wilson held the position of Sergeant in the Town’s Police Force.
Next, at the July 1, 1968 regular meeting of the Town Council, Police Sergeant William S. Hargrave was nominated to be Police Chief. Sergeant Hargrave declined. Councilman Neff nominated Police Sergeant Tobie Wilson (the Councilman) for the office of Police Chief, seconded by Mayor Chaffin. The motion to nominate was carried 3-2; Mayor Chaffin and Councilmen Neff and Wilson voted “Yes,” and Councilmen Dreeson and Walker voted “No”.
We may take judicial notice of certain population statistics. Dade County alone, which is the most populous county in the state, contains several incorporated small towns. According to the 1970 U. S. Census of Population, three towns are smaller than Medley, which has 115 families total-ling 351 persons dispersed 0.1 person per acre. Six towns, all less than 3,400 population, are larger than Medley. Cf. 1960 census figures.
*695 In the pleadings and memorandum of law filed in the lower court the appellee alleged that the Town of Medley is in a form of voluntary bankruptcy in the U. S. District Court for the Southern District of Florida. They suggest that some of the Town’s financial problems may be attributable to the payment of claims owing the appellants which reduced the working capital of the Town.
The appellants contend that the court erred in granting defendant’s final summary judgment where: (1) the Mayor, Emmett K. Chaffin, simultaneously held that position, as well as Building Inspector and Councilman, and (2) Police Chief Tobie Wilson, simultaneously held the position of Councilman in violation of Article II, Section S of the Florida Constitution and §§ 116.10, and .111, Fla.Stat., F.S.A.
The appellee-defendants contend that the anti-nepotism statute does not apply to towns and that their defenses of statute of limitation, estoppel, laches, and license bar relief, particularly as declaratory relief is not the proper form of action.
It is our view that the earlier anti-nepotism statute, § 116.10, does not apply to the undisputed facts presented by the record herein.
First, that statute has been viewed as penal in character and therefore to be strictly construed. In State ex rel. Robinson v. Keefe, 111 Fla. 701, 149 So. 638 (1933) the court held the predecessor Florida anti-nepotism law as penal in character, and therefore further held it to be strictly construed.
The individual defendants relying upon Article III, § 2 of the Charter of the Town of Medley[1] also urge the argument advanced by Mr. Justice Brown’s concurring opinion, at p. 639, that the individual members of the town council cannot “employ” anyone, but must be employed by the council itself. Justice Brown also stated that an individual member might be found guilty of “indirectly employing” a relative in an appropriate case. We find some merit in this argument.
Section 116.10, Fla.Stat. 1969, F.S.A. does not apply to “towns” but applies only to: “Any state officer, member of state board, county officer, member of county board of commission, city official, or his appointee . . .”
Section 165.02, Fla.Stat., F.S.A., distinguishes between cities and towns:
“Distinction between cities and towns.
“Whenever any municipal government is established, and it shall appear that there are three hundred registered voters within the limits to be designated, it is incorporated and designated as a city, entitled to the privileges of a city. All municipal governments having a less number of voters than those named above are desig *696 nated and declared incorporated towns, entitled to the privileges and rights of incorporated towns.”
The chapter also distinguishes between cities and towns in § 165.22 Fla.Stat., F.S. A.
Our construction of § 116.10 is consistent with the New Jersey case of Day v. Town of Morristown, 62 N.J.L. 571, 41 A. 964 (1898). According to McQuillin’s treatise, courts will usually draw a distinction between “cities” and “towns”:
“ ‘Town’ as used in constitution or statute.
“Where not expressly defined by the constitution of the state or a statute, the question as to what constitutes a town, as that word is used in the constitution of the state or in a statute, is governed by no fixed rule, and the courts apply the word, as used in a statute, according to the manifest intention of the statute, as gathered from the occasion and necessity of the statute. While the words ‘town’ and ‘city’ are not synonymous, ‘town’ is often used in a generic sense as including all forms of municipal corporations, cities, villages, and townships. If the context requires it, ‘town’ as used in a statute will be construed to embrace a city, ward or district, but where the statute means otherwise it will not.” (Footnotes deleted.)
1 McQuillin, Municipal Corporation, § 2.51, pp. 196-197 and § 2.33, p. 180 (3rd ed., 1971 rev’d vol.). However, in certain instances the distinction is not drawn:
“City as including village or town.
“The word ‘city,’ as used in the constitution of the state or a statute, is sometimes held to include towns. So the word ‘city,’ as used in a statute, is sometimes construed as including an incorporated town or village. The words ‘incorporated city,’ as used in a statute, have been held to include a municipal corporation of the fourth class, called a ‘town’ in the statutory classification of municipal corporations.
“On the other hand, ‘city’ and ‘town’ have been deemed not to be synonymous, and as used by courts and legislatures, their meanings have often been distinguished. So, a statute requiring approval of the municipal electorate to make effective any law repealing or substantially amending ihe charter of a city of less than 50,000 inhabitants was held not to apply to towns, even those having less than 50,000 population. Conversely, the term ‘incorporated town’ in a statute is sometimes held not to include a city.” (Footnotes deleted.)
1 McQuillin, Municipal Corporations, § 2.-35, p. 181 (3rd ed., 1971 rev’d vol.)
We also express the view that this most recent Florida anti-nepotism statute does not apply to the undisputed facts of this case. The relevant provisions of § 116.-111(1) (e) and (f), Fla.Stat., F.S.A. defines “agency” to include
(( * * *
“(e) A city; and
“(f) Any other political subdivision of the state, . . . ”
A “public official” is by statute defined to mean “ . . .an officer ... or employee of an agency in whom is vested the authority ... to appoint, employ, promote, or advance individuals or to recommend individuals for appointment, employment, promotion, or advancement in connection with employment in an agency; . . .” § 116.111(2), Fla.Stat., F.S.A. Today, the practical difference between cities and towns is population:
“ . . . As a practical matter in this day and age, however, the distinction [between cities and towns] is one of population rather than of the form in which the voting franchise is exercised. . . . ” [Bracketed material added.]
1 McQuillin, Municipal Corporations § 1.-30, pp. 32-33 (3rd ed., 1971 rev’d vol). *697 This distinction is frequently recognized by the language employed in a statute.
Certainly, based on § 116.111 (1) (f), as contrasted with § 116.111 (1) (e), the ap-pellees are able to state a stronger case; State ex inf. Ellis ex rel. Patterson v. Ferguson, 333 Mo. 1177, 65 S.W.2d 97 (1933), cert. den. (1934) 291 U.S. 682, 54 S.Ct. 559, 78 L.Ed. 1070; Waller v. Florida (1969), 397 U.S. 387, 392-392, 90 S.Ct. 1184, 25 L.Ed.2d 435, 438-439. However, we reject the argument that “any other political subdivision” includes towns, because to so hold might render many Florida municipalities inoperative, as discussed in the next paragraph.
As a practical matter, Florida contains many small hamlets and towns as defined by § 165.02 of the Florida Statutes. In these small communities of less than three hundred voters, the probability is that many of the residents are related “ . . . within the fourth degree, either by consanguinity or by affinity . . . ” under § 116.10 Fla.Stat. 1969 (repealed as of January 1, 1970). The application of § 116.10 or 116.111 to “towns” might render the municipal corporation inoperative for lack of qualified persons to serve as elected or appointed officials. The common weal would not be served.
We express the view that appellants’ point directed to Article II, § 5(a) of the 1969 Florida Constitution is without merit. The effective date of the new Constitution was January 7, 1969. While appellants’ suit was filed on February 12, 1971, the actions complained of respecting the two members of the Medley City Council took place during 1968. It is generally conceded that the relevant provision of the 1885 Florida Constitution, Article XVI, § 15, did not apply to municipalities.
The appellees have argued that the suit for declaratory judgment is not the vehicle to raise the issues presented. This point is not properly raised on appeal as no cross assignments of error have been filed.
In conclusion we have studied the record in light of the briefs and oral argument, but find that no reversible error has been made to appear. Therefore the final summary judgment appealed is affirmed.
Affirmed.

. “There shall be a Town Council composed of 5 members elected as provided in this Charter, one of whom shall be the Mayor elected by the Town Council as provided herein. The Town Council shall be the legislative and governing body of the municipality and shall govern and administer the affairs of the town with the assistance of such officers, servants, agents, and employees who shall be selected by the council as provided herein. There shall be a Town Clerk, who need not be a resident of the town, appointed with the approval of a majority of the council to serve at the will of the council with such duties and compensation as shall be provided by resolution by the council. The council may at its discretion appoint and employ with the approval of a majority of the council such municipal judges and associate judges, such special, part time, or full time town attorneys, engineers, fiscal agents, or any other and all types of officers and employees as shall in the opinion of the council be required for the administration of the affairs of the town, and the council shall by resolution provide for the duties, compensation, and employment of all such personel required for the conduct and administration of the town, provided that all such non-elective officers, agents and employees shall serve at the will of the council.”