GRIMES, Judge.
This is an interlocutory appeal from a temporary restraining order issued against appellant, Clearwater Police Chief, enjoining him from suspending appellee from the police force for violation of Fla.Stat. § 561.-25 (1975).
Fla.Stat. § 561.25 (1975) prohibits a policeman from owning an interest in or being employed in any manner by a business licensed under the beverage laws and dictates that a violation thereof shall result in suspension. On December 1, 1975, Police Chief Daniels sent a memorandum to the appellee pointing out that he had acquired an interest prohibited by the statute by reason of the fact that his new wife owned a 50% interest in a restaurant holding an alcoholic beverage license. In the memo, appellant stated he was allowing appellee sixty days within which to bring himself into compliance with the law. The memo concluded with the statement: “Failure to comply with this directive will result in appropriate action on the part of this office.”
During the sixty-day period, the appellee filed suit for declaratory judgment that he was not in violation of Fla.Stat. § 561.25. Pending disposition of the suit, appellee obtained the temporary restraining order from which this appeal is taken.
Under the Clearwater City Code, the authority to suspend or discharge a policeman appears to rest with the city manager rather than the chief of police. In any event, at the time the temporary restraining order was issued, there was no certainty that appellee was going to be suspended or discharged from the police force for violation of Fla.Stat. § 561.25. Since appellee had sustained no legal injury of which he could complain, there was no justiciable issue before the court. Morrison v. Plotkin, Fla.1955, 77 So.2d 254. The Declaratory Judgment Act cannot be invoked by a mere colorable dispute to obtain the opinion of the court upon a question of law. Colby v. Colby, Fla.App.2d, 1960, 120 So.2d 797. Should a suspension or discharge occur, appellee will have ample opportunity to test its propriety before the Clearwater Civil Service Board from which he will still have access to the courts.
In view of the fact that appellee had not presented a cause of action for declaratory relief, he was not entitled to a restraining order.
REVERSED.
HOBSON, A. C. J., and SCHEB, J., concur.