QUESTIONS:
1. Would s. 116.111, F. S. (the Antinepotism Law) be violated if a municipal governing body employs the wife of one of the members of the governing body to serve as the municipal clerk?
2. Would such hiring be in violation of s. 116.111 on the basis that the applicant's husband is the first cousin of a member of the governing body?
3. Does abstention by the related governing body member from voting on the employment of his relative avoid violation of s. 116.111?
SUMMARY:
A municipal governing body is prohibited by s. 116.111, F. S., from employing the wife of one of the members of that body as municipal clerk. The prohibition cannot be avoided by the abstention of the related member of the governing body from voting on the employment of his wife. No violation of s. 116.111 would occur solely upon the employment by a board of the spouse of a first cousin of a member of the board, as the relationship of `cousin-in-law' is not among the classes of relationship specified in s. 116.111(1)(c). The exception in s. 116.111(4) for temporary employment of a relative in emergencies is limited to emergencies resulting from natural disasters and the like and does not allow the employment of a relative as a substitute for a regular employee who is on sick leave. A person employed in violation of s. 116.111 is prohibited by s. 116.111(3) from receiving payment for such employment, and an agency is likewise prohibited from paying a person employed in violation of s. 116.111. Pending judicial or legislative clarification of the term `any other political subdivision of the state,' as used in s. 116.111(1)(f), it cannot be unequivocally determined whether the prohibitions of s. 116.111 apply to all municipalities, irrespective of their designation as `cities,' `towns,' etc. Statutory distinctions between `cities' and `towns' based on population and cited in Baillie v. Town of Medley, 262 So.2d 693 (3 D.C.A. Fla., 1972), were abolished by the 1974 revision of Ch. 165, F. S. Section1.01(9), F. S., specifically defines `political subdivision' to include `towns.'
Your second question may be disposed of first, by reference to the language of s. 116.111(1)(c), F. S., and to AGO 070-71. Section 116.111(1)(c) sets forth those classes of relationship which are covered by the prohibitions of s. 116.111, as follows:
 `Relative' with respect to a public official, means an individual who is related to the public official as father, mother, son, daughter, brother, sister, uncle, aunt, first cousin, nephew, niece, husband, wife, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, stepfather, stepmother, stepson, stepdaughter, stepbrother, stepsister, half brother, or half sister. (Emphasis supplied.)
In AGO 070-71 it was concluded that the relationship of `nephew-in-law' is not covered by the prohibitions of s. 116.111. In that opinion it was emphasized that the specification of various relationships in s. 116.111(1)(c) excludes from the operation of the statute those classes of relationship not specifically included in s. 116.111(1)(c). In the instant case, it is not the job applicant who is the first cousin of the council member, but the husband of the job applicant. The relationship of the job applicant to the council member would be `cousin-in-law.' While several `in-law' relationships are specified in s. 116.111(1)(c), there is no mention of the relationship of `cousin-in-law,' just as there is no mention of `nephew-in-law.' Thus, the fact that a job applicant's spouse is a cousin of a member of the employing body would not, by itself, constitute a violation of s. 116.111.
A violation of s. 116.111 would occur, however, upon the council's hiring of the wife of one of the council members to be the municipal clerk. In two prior opinions of this office concerning s. 116.111 (AGO's 073-75 and 073-335), it was concluded that a board or commission may not hire the relative of one of the members of that body. And, in AGO 073-335, it was expressly concluded that a violation of s. 116.111 could not be avoided under such circumstances by the abstention of the related board member from voting on the employment of that member's relative. As was observed in AGO 073-335, `[i]f each member of a commission were allowed to abstain, the board could conceivably employ a relative of each of its members.' Cf. s. 286.012, F. S., which prohibits members of boards and commissions from abstaining from official votes unless a conflict of interest exists under part III of Ch. 112, F. S.; and s. 112.3143, requiring disclosure of voting conflicts. (Questions requiring interpretation of part III of Ch. 112 should be referred to the Commission of Ethics.)
Another prior opinion, AGO 073-444, also applies to your question. You explained in your letter that the council member's wife has been acting in a temporary capacity because of the illness of the former clerk. In AGO 073-444, it was concluded that `[t]he temporary employment of a relative as a substitute employee during the time the regular employee is on vacation or sick leave is violative of s. 116.111, F. S.' It was emphasized in that opinion that the provision in s. 116.111(4) authorizing temporary employment of a relative in an emergency is limited to `emergencies resulting from natural disasters or similar unforeseen events or circumstances . . . .' It was concluded in AGO 073-444 that the illness of an employee does not constitute the sort of emergency contemplated by s. 116.111(4). It is a rule of statutory construction that an exception or proviso in a statute is to be strictly construed. Farrey v. Bettendorf, 96 So.2d 889
(Fla. 1957); Coe v. Broward County, 327 So.2d 69 (4 D.C.A. Fla., 1976). It is also a rule of construction that, where a statute sets forth certain exceptions, no other exceptions may be inferred. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Williams v. Surety Company of New York, 99 So.2d 877 (Fla. 1958).
However, one other matter is implicitly raised by your inquiry and should be considered. The municipality you represent is designated as a `town,' rather than a `city.' In 1972, in a two-to-one decision, the Third District Court of Appeal held that the prohibitions of both the former nepotism statute (s. 116.10, F. S. 1969) and the current statute (s. 116.111, F. S.) apply only to `cities' and not to `towns' (as those terms were defined in s. 165.02, F. S.). Baillie v. Town of Medley, 262 So.2d 693 (3 D.C.A. Fla., 1972); cert. dismissed, 279 So.2d 881 (Fla. 1973). The former nepotism statute had referred to `[a]ny state officer, member of state board, county officer, member of county board or commission, city official, or his appointee . . . .' (Emphasis supplied.) The court construed that language as being limited to those municipalities meeting the statutory definition of `city' and as excluding those municipalities meeting the statutory definition of `town.' (The basis for the statutory distinction was population.) However, the court also applied that limiting construction to the present statute [s. 116.111(1)(e) and (f), F. S.], notwithstanding the fact that the present provisions expressly refer, not only to `[a] city,' but also to `[a]ny other political subdivision of the state.'
It is here that I must emphasize two points. First, the court did not mention, and apparently did not consider with regard to thepresent statute, the language of s. 1.01(9), F. S., which expressly provides that a `town' is a `political subdivision':
 The words `public body,' `body politic' or `political subdivision' include counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state. (Emphasis supplied.)
The definitions provided in s. 1.01, F. S., are to be applied in construing any section of the Florida Statutes, where the context will permit (and where a specific definition is not provided for use with the particular section being construed). As s. 116.111 provides no definition of the term `city' or of the term `political subdivision,' I assume that s. 1.01(9), supra, governs. (Also, note that certain agencies and political subdivisions,e.g., district school boards, are expressly excluded from the operation of s. 116.111, thus disallowing the inference of exclusion as to other agencies and political subdivisions which are not expressly excluded from s. 116.111. See Dobbs v. Sea Isle Hotel, and Williams v. Surety Company of New York, supra.) Second, I would point out that the statutory provision (s. 165.02) on which the court based its distinction between `cities' and `towns' was repealed by Ch. 74-192, Laws of Florida, when Ch. 165, F. S. (Formation of Local Governments), was revised by the 1974 Legislature. There is no longer any language in Ch. 165 (or anywhere else in the Florida Statutes or Constitution, of which I am aware) which makes any distinction among municipalities based on population, or which could be used to label a particular municipality as a city, town, village, or the like. The statutes now refer, as does the Constitution, simply to `municipalities.'
Therefore, until such time as the decision in Baillie v. Town of Medley, supra, is reconsidered in light of the revision of Ch. 165, F. S., and in light of the definition of `political subdivision' in s. 1.01(9), supra, I cannot unequivocally determine whether the various prohibitions of s. 116.111, as discussed above and in our prior opinions, apply to the situation existing in the Town of McIntosh. Thus, it might be advisable to seek a declaratory judgment, as was done regarding the Town of Medley, to determine the status of the instant situation. This course of action would seem particularly advisable in light of s. 116.111(3), which provides:
 Except as provided herein, an individual appointed, employed, promoted, or advanced in violation of this section is not entitled to pay, and money may not be paid to an individual so appointed, employed, promoted, or advanced.
Prepared by: Jerald S. Price Assistant Attorney General