Thomas G. Morton, Jr. Jay City Attorney Milton
QUESTIONS:
1. May a town council employ the wife of the mayor or a council member as the town's maintenance supervisor?
2. May a town council employ the brother of the town clerk as the town's maintenance supervisor?
3. May a town council employ the husband of a secretary working in the town clerk's office as the town's maintenance supervisor?
SUMMARY:
The town council may not appoint the wife of the mayor or a council member to the position of maintenance supervisor even if the related member abstains from voting on such an appointment. The town council may appoint as maintenance supervisor the brother of the town clerk who is not a member of the council. The town council may employ as maintenance supervisor the husband of a secretary in the town clerk's office.
STATEMENT OF FACTS:
You state that the Town Council of the Town of Jay has enacted an ordinance to hire a maintenance supervisor who will be responsible for all employees in the maintenance division of the town. Previously these employees were supervised by individual members of the town council who were assigned to handle certain maintenance areas. You further state that three applicants who applied for the position of maintenance supervisor are related either to individuals presently serving on the town council or to employees of the town. You therefore inquire as to the applicability of s. 116.111, F. S., regarding the appointment of any of these applicants as maintenance supervisor.
So far as is material to the instant opinion, the Town of Jay was established by ch. 27644, 1951, Laws of Florida, as amended by chs. 30890, 1955, Laws of Florida, and 67-1580 and 69-1183, Laws of Florida. The special act, as amended, provides that the government, administration, and powers of the town shall be vested in a mayor and a town council. Section 4(a), ch. 27644. See s. 1 of ch. 69-1183 amending, inter alia, s. 4(b) of ch. 27644 to provide that the town council shall be composed of the mayor and four council members, each elected for 4-year terms and vested with identical legislative powers and privileges. Chapter 27644, as amended, further provides that it is the town council which possesses the power to appoint or employ the nonelective officers and employees of the town and fix the compensation thereof, to fill vacancies, and to remove such officers and employees for incompetence, corruption, neglect, misconduct, malfeasance, or misfeasance in office See, e.g., s. 4(e), (f), (h), (i), and (j) of ch. 27644, as amended.
Section 166.021(5), F. S., expressly provides that all special acts pertaining to the power or jurisdiction of a particular municipality, except as otherwise provided in s. 166.021(4), became ordinances of that municipality on the effective date of the Municipal Home Rule Powers Act (October 1, 1973), subject to modification or repeal as other ordinances. Section 166.021(4) provides in pertinent part that nothing in the Municipal Home Rule Powers Act, ch. 166, F. S., shall be construed to permit any changes in a special law which affect `the distribution of powers among elected [municipal] officers . . . [or] any change in the form of government . . . without approval by referendum of the electors as provided in s. 166.031.' This office has not been informed of any modification or repeal of the pertinent provisions of the special act by the town; it is therefore assumed for the purposes of this inquiry that the aforecited provisions of ch. 27644, 1951, Laws of Florida, as amended, are still effective and the town council is operating thereunder. Moreover, your letter fails to state clearly whether under the ordinance in question the town council is responsible for appointing the maintenance supervisor; however, in light of the council's powers under the special act to appoint such officers and employees as the council may deem necessary, it is assumed for the purposes of this inquiry that the town council appoints or employs the maintenance supervisor.
Section 116.111, F. S., the so-called antinepotism statute, prohibits a public official, as defined in s. 116.111(1)(b), from appointing, employing, promoting, advancing, or advocating for appointment, employment, promotion, or advancement in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control, an individual who is a relative as defined in s. 116.111(1)(c). Section 116.111(2)(a). See s. 116.111(1)(a)5. and 6., which define `agency' as used within the statute to mean, respectively, a `city' or `[a]ny other political subdivision of the state, except district school boards and community college districts'; and see s. 1.01(9), F. S., which generally defines `political subdivisions' for the purposes of the Florida Statutes, when the context of the statute so permits, to include `counties, cities, towns [and] villages . . .' (Emphasis supplied.) But see Baille v. Town of Medley, 262 So.2d 693 (3 D.C.A. Fla., 1972), cert. dismissed, 279 So.2d 881 (Fla. 1973), in which the court stated that the prohibitions of the former nepotism statute and the present statute were applicable to `cities' and not to `towns' as those terms were defined in s. 165.02, F. S. 1973; this statute, however, on which the court based its distinction between `cities' and `towns,' was repealed by ch. 74-192, Laws of Florida. See AGO 077-130.
It is the relationship between the employee and the public official with which the antinepotism law is concerned. As this office stated in AGO 074-255:
 The antinepotism statute was clearly not intended to prevent relatives from working together in public employment. The statute simply prohibits one who has the authority to employ, appoint, promote, advance or recommend same, from using that authority with respect to his or her own relatives.
See AGO 071-258 in which this office concluded that a public official, as defined within the statute, who is not related to a prospective appointee may appoint such person even though the prospective appointee is related to an existing officer or employee in the same department. Cf. AGO 077-36 in which this office state that, if a county property appraiser married an employee of that office, the employee may continue working in his or her same position and may participate in routine salary increases but may not be promoted or advanced, or recommended or advocated for same, by the property appraiser who had become the employee's spouse.
AS TO QUESTION 1:
It is clear that the members of the town council, which is responsible for appointing the maintenance supervisor, are `public officials' as that term is defined in s. 116.111(1)(b), F. S. The wife of such an officer also clearly falls within the definition of `relative' contained in s. 116.111(1)(c). Thus, I am of the opinion that, under the provisions of s. 116.111(2)(a), the town council may not appoint the wife of the mayor or a council member as maintenance supervisor of the town. Moreover, the prohibition contained in s. 116.111 cannot be avoided by the abstention of a related board member from voting on the employment of that member's relative. See AGO 073-335 in which this office concluded that the governing body of a district may not employ the brother-in-law of one of its members even if the related member abstained from voting on such employment; the opinion stated that `[i]f each member of a commission were allowed to abstain, the board could conceivably employ a relative of each of its members.'See also AGO 077-130.
AS TO QUESTION 2:
You state that the town clerk does not sit as a member of the town council or possess any authority to appoint the maintenance supervisor. You therefore inquire whether the town council may appoint the brother of the town clerk as the town's maintenance supervisor.
As previously stated, the antinepotism statute is not intended to prevent relatives from working together in public employment, but rather applies only to prohibit those public officials who have the power to appoint or promote or recommend the same from exercising that power to appoint or promote their own relatives.See AGO's 077-144, 074-255, 073-397, and 071-258. The brother of the town clerk is not, according to your letter, related to the officials in whom the appointing or employing authority is vested. I am therefore of the opinion that the town council may appoint the town clerk's brother as maintenance supervisor.
AS TO QUESTION 3:
You also inquire whether the town council may appoint as maintenance supervisor the husband of a secretary in the town clerk's office. As in question 2, the individual in question is not related to the officials in whom the appointing or employing authority is vested. Therefore, the town council could appoint or employ the husband of the secretary in the town clerk's office without violating the provisions of s. 116.111, F. S.
Prepared by: Joslyn Wilson, Assistant Attorney General