Mr. G. Edison Holland, Jr. Attorney Town Council Mayor Town of Century Seventh Floor Blount Building Post Office Box 12950 Pensacola, Florida 32576-2950
Dear Mr. Holland:
This is in response to your request for an opinion on substantially the following question:
 DOES THE ANTI-NEPOTISM LAW, s 116.111, F.S., PROHIBIT THE MAYOR OF THE TOWN COUNCIL OF CENTURY FROM HIRING A COUNCILMEMBER'S SON AS A TOWN EMPLOYEE, IF THE COUNCIL HAS THE POWER TO APPROVE SUCH APPOINTMENTS PURSUANT TO THE TOWN CHARTER?
Your inquiry notes that the Town Charter of Century provides that:
 The Mayor shall: (a) subject to the approval of a majority of the Council members, (sic) hire or appoint, and, when he deems it necessary for the good of the Town, suspend or remove any Town employee and appointive administrative officer provided for by or under this Charter, or by Town ordinance, except as otherwise provided by law, this Charter, or personnel rules adopted pursuant to this chapter.
Your letter also states that the mayor is not a member of the council, and does not possess a vote on issues before the council.
Section 116.111(2)(a) provides:
 A public official may not appoint, employ, promote, or advance, or advocate for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control any individual who is a relative of the public official. An individual may not be appointed, employed, promoted, or advanced in or to a position in an agency if such appointment, employment, promotion, or advancement has been advocated by a public official, serving in or exercising jurisdiction or control over the agency, who is a relative of the individual.
Note that s 116.111(1)(b) defines "public official" for purposes of the anti-nepotism law as:
 [A]n officer, including a member of the Legislature, the Governor, and a member of the Cabinet, or employee of an agency in whom is vested the authority by law, rule, or regulation, or to whom the authority has been delegated, to appoint, employ, promote, or advance individuals or to recommend individuals for appointment, employment, promotion, or advancement in connection with employment in an agency; . . . .
See also, s 116.111(1)(a)5. and 6. defining "agency" as inter alia "[a] city", and "[a]ny other political subdivision of the state, . . .", and compare, AGO 77-130 (concluding that, in light of Baillie v. Town of Medley, 262 So.2d 693 (3 D.C.A. Fla., 1972), and the definition of "political subdivision" in s 1.01(9), F.S., it could not be unequivocally determined whether the prohibitions of s 116.111 apply to "towns").
In AGO 71-158, my predecessor in office concluded that a county engineer as an administrator, could hire a relative of a county commissioner without violating the anti-nepotism law, since the public official vested with the power of appointment (employment) was the county engineer, not the board. This conclusion was reached even though the board had the right to disapprove appointments made by the county engineer, that opinion noting that "there is clearly a distinction between [the right of approval] and the right to make the appointment." The conclusions in AGO 71-158 relied in part on State ex rel. Robinson v. Keefe,149 So. 638 (Fla. 1933) a Supreme Court decision construing an earlier version of the anti-nepotism statute extant in 1933. That decision articulated a rule of strict construction to be applied to the anti-nepotism law, since it was "highly penal" in nature.
Note also AGO 73-75, which concluded that if the authority of a board of county commissioners is merely that of approving the appointment or employment made by another official vested by law with the authority to appoint or employ, then s 116.111 would not bar the hiring of a commissioner's brother as an employee by the other, unrelated official vested by law with the appointment power.
In light of the above opinions and authorities, I must conclude that the mayor may hire the councilmember's son as a town employee, even though the council has the power to approve such employment pursuant to the town charter, but that, pursuant to s 116.111(2)(a), the councilmember should not advocate his son for employment, promotion or advancement.
In summary, until legislatively or judicially determined otherwise, it is my opinion that the Mayor of Century may, without violating s 116.111, F.S., hire a councilmember's son as a town employee, even though the council has power to approve such employment pursuant to the town charter, but that s 116.111(2)(a) does prohibit the councilmember from advocating his son's employment, promotion or advancement; however, in light of Baillie v. Town of Medley, 262 So.2d 693 (3 D.C.A. Fla., 1972) and the definition of "political subdivision" contained in s 1.01(9), F.S., it cannot be unequivocally determined whether the prohibitions of s 116.111 apply to "towns".
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General