Mr. Herbert Elliott City Attorney City of Tarpon Springs Suite 17 101 West Court Street Post Office Box 1575 Tarpon Springs, Florida 33589
Dear Mr. Elliott:
This is in response to your request for an opinion on substantially the following question:
 MAY THE GRANDDAUGHTER OF THE CHAIRMAN OF THE TARPON SPRINGS CIVIL SERVICE BOARD BE EMPLOYED AS A CLERK — TYPIST IN THE TARPON SPRINGS CITY CLERK'S OFFICE?
You state that the granddaughter has been recommended for employment by the city clerk as a clerk-typist in his office. The Civil Service Board for the City of Tarpon Springs which is chaired by her grandfather considers such recommendation by the clerk as well as the final appointment of an employee after a one year period of probation. Approval of the civil service board is required for an employee to obtain full-time employment with the city. Based upon the foregoing, you inquire whether s 116.111, F.S., Florida's Anti-nepotism Law, prohibits such employment.
Section 116.111(2)(a), F.S., prohibits a public official, as defined in s 116.111(1)(b), F.S., from appointing, employing, promoting, advancing or advocating for appointment, employment, promotion, or advancement in or to a position in the agency in which he serves or over which he exercises jurisdiction or control any individual who is a relative as defined in s 116.111(1)(c), F.S. It is the relationship between the employee and the appointing public official with which the antinepotism law is concerned. As emphasized in AGO 74-255,
 The antinepotism statute was clearly not intended to prevent relatives from working together in public employment. The statute simply prohibits one who has the authority to employ, appoint, promote, advance, or recommend same from using that authority with respect to his or her own relatives.
See, AGO 70-15 wherein this office stated that the members of a civil service commission were not prohibited from approving increases in pay for certain classifications of employees or approving the promotion of an employee recommended by an agency head even though the affected employees were relatives of the members of the civil service commission; this office concluded that "[t]here is a clear distinction in the act [s 116.111, F.S.] between the appointing or employing authority and the board which reviews actions taken by such authority . . . [and] [f]or this reason, . . . the [civil service] board fails to qualify as a `public official' under the definition prescribed by [s 116.111, F.S.]."
The term "relative" for purposes of s 116.111, F.S., is expressly defined in s 116.111(1)(c) to mean "an individual who is related to the public official as father, mother, son, daughter, brother, sister, uncle, aunt, first counsin, nephew, niece, husband, wife, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, stepfather, stepmother, stepson, stepdaughter, stepbrother, stepsister, half brother or half sister." Granddaughter is not included within the definition of "relative" as set forth in s 116.111(1)(c). It is a well established rule of statutory construction that where a statute enumerates the things in which it is to operate, it is to be construed as excluding from its operation all things not expressly mentioned — "expressio unius est exclusio alterius." See, Cook v. State, 381 So.2d 1368, 1369 (Fla. 1980) (statutory list of those who have authority to grant immunity should be presumed to be exclusive and any omissions to be deliberate); Thayer v. State,335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel,56 So.2d 341, 342 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands,19 So.2d 234, 239 (Fla. 1944). Moreover, this office has previously stated than an antinepotism statute, being penal in nature, must be strictly construed. See, AGO's 70-71 and 70-15; and see, State ex rel. Robinson v. Keefe, 149 So. 638 (Fla. 1933); Baillie v. Town of Medley, 262 So.2d 693 (3 D.C.A.Fla., 1972).
Thus as s 116.111(1)(c) in defining the term "relative" fails to include the relationship of granddaughter, that relationship would appear to be excluded from the operation of the statute. The fact that a job applicant is the granddaughter of the chairman of the civil service board would not, therefore, by itself, constitute a violation of s 116.111. See, AGO 77-130 in which this office concluded that the relationship of "cousin-in-law" was not covered by the prohibitions of s 116 since such relationship was not specifically included in s 116.111(1)(c). Accord, AGO 70-71.
Accordingly, I am of the opinion that the relationship of "granddaughter" is not covered by the prohibitions of s 116.111, F.S., Florida's Antinepotism Law, and thus the granddaughter of the chairman of the civil service board may be employed in the city clerk's office.
Sincerely,
Jim Smith Attorney General
Prepared by:
Joslyn Wilson Assistant Attorney General