The Honorable S. Ray Gill State Attorney County Office Building 19 N.W. Pine Avenue Third Floor Ocala, Florida 32670
Dear Mr. Gill:
This is in response to your request for an opinion on substantially the following question:
 DO THE PROHIBITIONS OF s. 561.25, F.S., APPLY TO AN INVESTIGATOR IN THE STATE ATTORNEY'S OFFICE WHOSE WIFE OWNS A RESTAURANT WHERE ALCOHOLIC BEVERAGES ARE SERVED?
Section 561.25(1), F.S., provides as follows:
 No officer or employee of the division, and no sheriff or other state, county, or municipal officer with state police power granted by the Legislature, shall be permitted to engage in the sale of alcoholic beverages under the Beverage Law; or be employed, directly or indirectly, in connection with the operation of any business licensed under the Beverage Law; or be permitted to own any stock or interest in any firm, partnership, or corporation dealing wholly or partly in the sale or distribution of alcoholic beverages, except as provided in subsection (3).
Cf., AGO 58-16 (purpose of statute prohibiting law enforcement officers from being employed by or engaging in the alcoholic beverage business is to prohibit law enforcement officers from being licensed as dispensers of alcoholic and intoxicating liquors or from being connected with licensed premises in such a way as to interfere with or prevent them from enforcing the beverage laws in an unbiased and unprejudiced manner); AGO 65-73. This office has previously observed that investigators employed by the state attorney under s. 27.255, F.S., are law enforcement officers and conservators of the peace with full powers of arrest in accordance with the laws of this state. See, AGO 78-73. Thus, it is clear that the prohibitions contained in s. 561.25(1), F.S., are applicable to investigators in the state attorney's office.
Materials accompanying your request indicate that the investigator in question was an original member of the board of directors and officer of a corporation whose primary purpose is the operation of a restaurant business. At present the restaurant serves alcoholic beverages under a special permit issued by the Department of Business Regulation pursuant to the authorization contained in s.561.20(2)(a)3., F.S. Shortly after the corporation was organized, the investigator resigned from the board of directors and as an officer of the corporation. It appears from the accompanying materials that the investigator's wife is the sole shareholder in the corporation and that the investigator has no ownership interest in the corporation. This office has been advised that the investigator is in no way employed by the corporation, either directly or indirectly. Based upon the foregoing facts, I am of the opinion that the prohibition contained in s. 561.25, F.S., does not apply to the factual circumstances of your inquiry.
Section 561.25, F.S., prohibits law enforcement officers from engaging in the sale of alcoholic beverages, from being employed by a business licensed under the beverage law or from having an ownership interest in any business dealing in the sale or distribution of alcoholic beverages. The statute does not prohibit law enforcement officers from being related in any degree of consanguinity or affinity to any person who may have an ownership interest in a business licensed under the beverage law. Statutes such as this one being penal in nature must be strictly construed. See, Baillie v. Town of Medley, 262 So.2d 693 (3 D.C.A.Fla., 1972) (antinepotism statute penal in character and therefore strictly construed); State ex rel. Robinson v. Keefe, 149 So. 638
(Fla. 1933). Cf., Daniels v. Gillespie, 335 So.2d 353 (2 D.C.A.Fla., 1976).
I am therefore of the opinion that, unless and until legislatively amended otherwise, the prohibition of s. 561.25, F.S., does not apply to an investigator of the state attorney who is married to an owner of a restaurant that is licensed under the beverage law.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General