Dear Chief Chudnow:
You have asked for my opinion on substantially the following question:
Pursuant to section 561.25, Florida Statutes, may a law enforcement officer, employed by the Oviedo Police Department, serve or sell alcoholic beverages as an unpaid volunteer at activities or functions which occur at a licensed alcoholic beverage establishment?
In sum:
Section 561.25(1), Florida Statutes, would prohibit a municipal law enforcement officer employed by the Oviedo Police Department from selling alcoholic beverages as an unpaid volunteer at activities or functions which occur at licensed alcoholic beverage establishments. However, the statute does not appear to preclude the mere serving of alcohol under circumstances where the law enforcement officer is not employed by a business licensed under the Beverage Law and there is no sale of alcoholic beverages occurring.
Section 561.25(1), Florida Statutes, provides that:
"No officer or employee of the division [Division of Alcoholic Beverages and Tobacco of the Department of Business and Professional Regulation], and no sheriff or other state, county, or municipal officer with state police power granted by the Legislature, shall be permitted to engage in the sale of alcoholic beverages under the Beverage Law; or shall be employed, directly or indirectly, in connection with the operation of any business licensed under the Beverage Law; or shall be permitted to own any stock or interest in any firm, partnership, or corporation dealing wholly or partly in the sale or distribution of alcoholic beverages, except as provided in this section. The provisions of this subsection shall not be construed to prevent any certified law enforcement officer, except members of the Florida Highway Patrol or its auxiliary, or employees of the division, from being employed in businesses which have obtained licenses only to sell beer or beer and wine for consumption off the premises. However, the written approval of the chief of police, sheriff, or other appropriate department head must be obtained for any such employment."
Violations of section 561.25, Florida Statutes, are second degree misdemeanors and require the automatic removal or suspension of the officer. You have asked whether this statute would prohibit a City of Oviedo Police Officer from "engaging in activities relating to the sale of alcoholic beverages under the State of Florida's `Beverage Law' even when the law enforcement officer is not employed by the licensed alcoholic beverage establishment[.]"
By its terms, section 561.25, Florida Statutes, prohibits the direct or indirect employment of a law enforcement officer[1] by a business that holds a license to sell alcoholic beverages and prohibits a law enforcement officer from engaging in the sale of alcohol. The only exceptions to this general prohibition are employment by an establishment selling only beer and wine for consumption off the licensed premises and the employment of an off-duty officer as an entertainer or for the provision of security services. Where the Legislature has provided exceptions to the operation of a statute, no others may be implied to be intended.[2] It is clear, therefore, that an officer exercising the police powers of the state, such as a municipal police officer, is precluded by this state from employment directly or indirectly by an establishment licensed under the state beverage laws, except as expressly provided otherwise in section 561.25, Florida Statutes, and is prohibited from engaging in the sale of alcohol. However, your question deals with volunteer activities by an officer who is not employed by a licensed beverage business or paid for his services.
In Attorney General Opinion 86-29, this office was asked whether the prohibition in section 561.25, Florida Statutes, would apply to an investigator with the office of a state attorney when the investigator's wife owned a restaurant holding a beverage license. While the investigator had been an officer of the corporation owning the restaurant, he had resigned from the board of directors and as an officer of the corporation shortly after its formation. The wife remained the sole shareholder in the corporation and the investigator had no ownership interest in the corporation, nor was he employed by the corporation, either directly or indirectly. Based upon these facts, it was concluded that the prohibition contained in section 561.25, Florida Statutes, did not apply. The opinion noted that the statute does not prohibit law enforcement officers from being related in any degree of consanguinity or affinity to any person who may have an ownership interest in a business licensed under the beverage law. Inasmuch as the statute is penal in nature, [3] it must be strictly construed.[4]
This office has previously stated in that the underlying purpose of section 561.25, Florida Statutes, is to prohibit law enforcement officers from being licensed as dispensers of alcoholic beverages or from being connected with licensed premises in such a way as to interfere with or prevent them from enforcing the beverage law in an unbiased and unprejudiced manner.[5] While provisions allowing law enforcement officers to provide security and entertainment services as well as allowing employment by an establishment selling only beer and wine for off-premises consumption were added after the issuance of the 1958 opinion, the underlying intent of preventing biased or prejudiced enforcement of the beverage law does not appear to have changed.[6]
The statute also independently prohibits a law enforcement officer from engaging in the sale of alcoholic beverages.[7] The statute does not define the term and no case law provides direction. However, in the absence of a statutory definition, the plain and ordinary meaning of words can be ascertained, if necessary, by reference to a dictionary.[8]
The word "engage" is defined to mean "to secure for aid, employment, use, etc.;" "to occupy oneself; become involved"[9]
and also "[t]o participate or cause to participate; involve[.]"[10] Thus, a law enforcement officer may not be involved in or be used in the sale of alcoholic beverages. This prohibition is independent of the employment prohibition and appears to reach beyond mere employment.
In an informal opinion issued in 2009, this office reviewed the prohibition against a law enforcement officer being "engaged" in the sale of alcoholic beverages in a situation in which the officer wanted to serve as the commander of his local American Legion post.[11] The post held a state alcoholic beverage license and operated a canteen dispensing alcoholic beverages. According to information submitted with the opinion request, the American Legion treated the post and the canteen as separate elements: the post was under the control of the commander and the canteen under the control of a bar manager. The question presented was whether section 561.25, Florida Statutes, would preclude the law enforcement officer serving as post commander.
After a review of the language and legislative intent of section 561.25, Florida Statutes, the opinion concluded that "it does not appear that the fact that a bar manager operates a canteen within the post would sufficiently separate the commander of the post from the prohibition contained in section 561.25, Florida Statutes." Thus, this office suggested consultation by the law enforcement officer with his employing agency and the Criminal Justice Standards and Training Commission due to the potential for the suspension or removal from office for violations of section 561.25, Florida Statutes.
Applying this reasoning to the instant fact situation, it would appear that so long as the law enforcement officer is not involved in any way in the sale of alcoholic beverages or employed in connection with the operation of any business licensed under the Beverage Law, he or she may volunteer to participate in activities at a licensed alcoholic beverage establishment without violating the provisions of section 561.25(1), Florida Statutes. Thus, for instance, a law enforcement officer could volunteer to tend bar at a fund raiser for charity or at a dinner honoring others so long as no sales of alcoholic beverages occurred.
In sum, it is my opinion that section 561.25(1), Florida Statutes, would prohibit a municipal law enforcement officer employed by the Oviedo Police Department from selling alcoholic beverages as an unpaid volunteer at activities or functions which occur at licensed alcoholic beverage establishments. However, the statute does not appear to preclude the mere serving of alcohol under circumstances where the law enforcement officer is not employed by a business licensed under the Beverage Law and there is no sale of alcoholic beverages occurring.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Section 943.10(1), Fla. Stat., defines the term "[l]aw enforcement officer" to mean:
"any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency."
[2] See Dobbs v. Sea Isle Hotel,56 So. 2d 341, 342 (Fla. 1952) (when statute enumerates the things upon which it operates or forbids certain things, it is ordinarily construed as excluding from its operation all things not expressly mentioned).
[3] Section 561.25(2), Florida Statutes, states: "Any person violating this section shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083, and shall be automatically removed or suspended from office."
[4] See Baillie v. Town of Medley,262 So. 2d 693 (Fla. 3d DCA 1972) (anti-nepotism statute penal in character and therefore strictly construed); State ex rel.Robinson v. Keefe, 149 So. 638 (Fla. 1933). Cf. Daniels v.Gillespie, 335 So. 2d 353 (Fla. 2d DCA 1976).
[5] See Op. Att'y Gen. Fla. 58-16 (1958).
[6] And see Inf. Op. to Rep. Thompson, dated January 9, 2009, discussing the application of the statute to a certified law enforcement officer who was serving as the post commander of his local American Legion post.
[7] See Ops. Att'y Gen. Fla. 00-06 (2000) (the word "or" is generally construed in the disjunctive when used in a statute or rule and normally indicates that alternatives were intended); 96-52 (1996), 89-74 (1989); Sparkman v. McClure,498 So. 2d 892 (Fla. 1986); Telophase Society of Florida,Inc. v. State Board of Funeral Directors and Embalmers,334 So. 2d 563 (Fla. 1976); Fort Walton Beach Medical Center,Inc. v. Dingler, 697 So. 2d 575 (Fla. 1st DCA 1997).
[8] See Green v. State, 604 So. 2d 471, 473 (Fla. 1992);Plante v. Department of Business and Professional Regulation,685 So. 2d 886, 887 (Fla. 4th DCA 1996), WFTV,Inc. v. Wilken, 675 So. 2d 678 (Fla. 4th DCA 1996); State v.Cohen, 696 So. 2d 435 (Fla. 4th DCA 1997).
[9] Webster's New Universal Unabridged Dictionary (2003) p. 644.
[10] The American Heritage Dictionary (Office Edition 1983) p. 234.
[11] Inf. Op. to the Honorable Nick Thompson, dated January 9, 2009.