STATE, *ex rel.*, GERTRUDE ROBINSON, v. ED. J. KEEFE, *et al.*

149 So. 638.
Opinion Filed August 5, 1933.

*Martin & Martin,* for Relator;

*Sutton, Tillman & Reeves, Cary D. Landis,* Attorney General, *H. E. Carter* and *J. V. Keen,* Assistants, for the State.

DAVIS, C. J.—In this case the Court overrules respondent's motion to quash the alternative writ of mandamus, because it is of the opinion that neither of the relator school teachers, Gertrude M. Robinson or Lillie M. Robinson, who hold teacher's life certificates issued under the laws of the State of Florida, are within the prohibitions of Chapter 16088, Acts of 1933 (House Bill 178), commonly known as the Florida Anti-Nepotism Law, when construed strictly as an Act of such highly penal character is required to be construed.

"Nepotism" has been defined as the bestowal of patronage by public officers in appointing others to offices or positions by reason of their blood or marital relationship to the appointing authority, rather than because of the merit or ability of the appointee. The Florida Act should be construed in the light of its obvious purpose to discourage "nepotism" as above defined.

And as so construed, Acts of similar import have been either definitely sustained as constitutional, or have been enforced by the courts without serious controversy as to their validity, in at least two other States, although authorities relating to such statutes are few. See Barton v. Alexander, 27 Idaho 286, 148 Pac. Rep. 471, Ann. Cas. 1917-D 729; Reddell v. State, 14 Okla. Cr. 199, 170 Pac. Rep. 273;

State *ex rel.* Ikard v. Russell, Judge, 33 Okla. 141, 124 Pac. 1092.

The laws of Florida relating to the nomination and employment of school teachers are complete in themselves. No intention is manifest in the 1933 "Anti-Nepotism" law above mentioned, to repeal or modify the general school laws of this State relating to examination, certification and employment of only qualified school teachers on the basis of their demonstrated merit as attested by the fact of their certificates, as distinguished from employment based largely on the basis of the appointee's domestic relation, or relationship by consanguinity or affinity, toward officers vested with the appointing authority.

Our construction of the school statutes is that under these laws, teachers are required to be appointed because of their demonstrated and proved ability to teach, or because of their past practical experience in teaching, and not by reason of their family status, or the usual political considerations that may apply to the ordinary civil offices or positions which are permitted to be filled at the discretion of the appointing power as a means of personal reward to kinsmen or as a recompense to the politically faithful.

So the reason for not applying a statute of this kind to a class of appointees such as school teachers, whose merit must be established before they are permitted to be employed at all, is found in the fact that the Legislature has by other complete statutes, not in terms modified or repealed by this one, provided a special system for the appointment and tenure of employment, for school teachers. The requirements of this separate code of laws afford adequate protection against appointments other than upon proved merit, which is all that an "anti-nepotism" law can constitutionally

704

be supposed to cover and still remain within the police power, under the guise of which it is enacted.

Motion to quash alternative writ denied with leave to file answer within ten days if desired.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.

BROWN, J. (concurring).—In addition to what is said in the foregoing opinion, I think there is serious doubt whether the Act in question prohibits a board of public instruction, or other county or State official board, from employing whom they see fit. The Act prohibits the individual member of such a board from employing persons related to him within the named degrees, either directly or indirectly, but the individual member has no authority to employ anyone. It is the board which is given this power. If an individual member should take part in the board's action, or endeavor to influence their action, in employing anyone related to him as defined by the statute, he might be guilty of "indirectly" employing such person, and thus become liable to the punishment provided by the Act. But the Act appears to be leveled at the individual, and not at the board, so far as boards are concerned. Of course, this does not apply to officers who are themselves vested with authority to employ.