OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
Allstate Enterprises, Inc. (“Appellant”) was assessed by the Department of Revenue for Florida intangible tax on certain promissory notes which it did not own. Asserting that it is not considered good business practice to pay taxes on property owned by others, Appellant seeks review of the Department’s final order.
The question here is whether Appellant must file an intangible tax return pursuant to Section 199.052(1), Florida Statutes *850 (1977),[1] as to the notes which (so the State claims) have a business situs in the State of Florida by virtue of Section 199.112, Florida Statutes (1977). Appellant contends that before it has an obligation to file a return on the notes, two requirements must be met: First, the notes must be “subject to taxation”, and, second, Appellant must either own the notes or have control, management or custody of them. We find that under the facts of this case both of these requirements are met.
Appellant is a Delaware corporation authorized to do business in Florida. Allstate Financial Corporation (“Financial”), a wholly owned subsidiary of Appellant, is a Delaware corporation not qualified to do business in Florida. Financial provides funding to Appellant, which in turn lends money to individuals for the purchase of automobiles and recreational vehicles from unrelated third parties.[2] Appellant receives from each borrower simultaneously with the purchase an installment note secured by a lien on the automobile or recreational vehicle which the borrower purchases with the funds provided by Appellant. A security agreement provides that the borrower shall not change the principal location of the property from Florida without Appellant’s written consent. As soon as each transaction is completed, Appellant sells the installment note, without recourse and on a discounted basis, to Financial and the note is physically transferred to and maintained by Financial in the State of Delaware.
As and when notes are sold by Appellant to Financial, Appellant retains no right, title or interest in them. However, the borrower is not advised that his note has been sold and all payments on the notes are made directly to Appellant. Furthermore, as part of its agreement with Financial, Appellant (1) makes collection on the notes and remits the proceeds to Financial, (2) maintains sufficient records enabling Financial to determine the status of outstanding notes, (3) repurchases a borrower’s note from Financial in the event of default by the borrower, and (4) conducts any repossession or foreclosure proceedings in his own behalf. The agreement further provides that in performing its responsibilities under the contract, Appellant is acting as the “agent” of Financial.
Section 199.112, Florida Statutes (1977), provides, in pertinent part, as follows:
“All . .. notes ... wheresoever situated, arising out of, or issued in connection with, the sale, leasing, or servicing of . .. personal property in the state are subject to taxation under this chapter, it being the legislative intent to provide that such intangibles shall be assessable regardless of where they are kept, approved as to their creation, or paid.”
We hold, under the facts of this case as set forth above, that the installment notes were “. . . issued in connection with . . . the sale .. . of . .. personal property ...” within the meaning of Section 199.112, Florida Statutes, and thus, the notes have a business situs in the State of Florida irrespective of the fact that the notes are physically kept in the State of Delaware. In so holding, we expressly reject Appellant’s contention that under Section 199.112, Florida Statutes, a note can “arise out of or be issued in connection with the sale, leasing or servicing” of an automobile or recreational vehicle only if the obligee of the note was the seller, lessor or servicer of the automobile or recreational vehicle. We can discern no legislative intent to restrict the scope of Section 199.112, Florida Statutes, to seller-financed transactions.
*851 Since the notes are ones which are “subject to taxation” by virtue of Chapter 199, Florida Statutes, the second prong of the inquiry is whether Appellant either owns the notes or has control, management or custody of them. Under the stated facts, Appellant clearly neither owns the notes nor does it have the control or custody of them. However, the statute uses the phrase “control, management or custody”, and the word “or” when used in a statute is generally to be construed in the disjunctive. Telophase Society of Florida, Inc. v. State Board of Funeral Directors and Embalmers, 334 So.2d 563 (Fla.1976). Thus, the language in Section 199.052, Florida Statutes, means that one who either has control or has management or has custody of intangible personal property “subject to taxation under this chapter” is obligated to make a return on the same. We hold that under the facts set forth above, Appellant has “management” of the installment notes. Considering that Appellant prohibits removal of the vehicles from the state without its consent, makes all collections on the notes and remits to Financial, maintains collection records, repurchases the notes in the event of default, and on its own behalf conducts any repossession or foreclosure proceedings as may be required, it would be difficult to conceive of little, if any, other activity which would, to a greater degree, bring Appellant within the legislative concept of the word “management”.
In summary, we hold that Appellant was required, under Section 199.052, Florida Statutes, to file intangible returns on the notes in question because it had management of the notes and the same were subject to taxation under Chapter 199, Florida Statutes.
AFFIRMED.
McCORD, J., and LILES, WOODIE A. (Retired), Associate Judge, concur.

. (1) It is hereby made the duty of every person in the state, and every person who has become a legal resident of the state on or before January 1, who owns or has control, management, or custody of intangible personal property which is subject to annual taxation under this chapter to file a sworn return with the department on or before June 30 of each year, listing separately the character, description, location, and just valuation of all such property.

. Appellant is not involved in the sale, leasing or servicing of the automobiles or recreational vehicles.