Mr. Hal A. Davis County Attorney Liberty County 7 West Washington Street Quincy, Florida 32351
Dear Mr. Davis:
This is in response to your request for an opinion on substantially the following question:
 WHETHER s 116.111, F.S., FLORIDA'S ANTINEPOTISM LAW, WOULD PROHIBIT THE EMPLOYMENT BY THE COUNTY OF THE `COUSIN-IN-LAW' OR `SISTER-IN-LAW BY MARRIAGE' OF A MEMBER OF THE COUNTY COMMISSION?
According to your letter the questioned relationships involve a single individual. The first relationship questioned in your letter is whether s 116.111, F.S., prohibits appointment of an individual to the position of Home Demonstration Agent for Liberty County when that individual is married to the first cousin of one of the county commissioners. For purposes of this opinion this relationship will be referred to as `cousin-in-law.' The second questioned relationship involves a different county commissioner but the same job applicant. In this second relationship the job applicant is married to a man whose sister is married to the county commissioner. It is assumed for purposes of this inquiry that the board of county commissioners appoints the Home Demonstration Agent for Liberty County.
Subsection (2)(a) of s 116.111, F.S., provides:
 A public official may not appoint, employ, promote, or advance, or advocate for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control any individual who is a relative of the public official. An individual may not be appointed, employed, promoted, or advanced in or to a position in an agency if such appointment, employment, promotion, or advancement has been advocated by a public official, serving in or exercising jurisdiction or control over the agency, who is a relative of the individual.
An `agency' is defined in s 116.111(1)(a), F.S., to include a county. In AGO 73-75, this office concluded that s 116.111, F.S., prohibited the employment of a brother of a member of a board of county commissioners as a mosquito control and garbage disposal worker when the county commission actually exercised jurisdiction and control with respect to such employment and work. Thus, it is the position of this office that a board or commission within the definition of `agency' contained in s 116.111(1)(a), F.S., which is vested with, and actually exercises, jurisdiction or control over the employment, promotion, or advancement of employees is subject to the nepotism law, and therefore, a collegial body cannot employ, appoint or promote a relative of a member of the governing body in question. See also, AGO's 83-81, 77-130, 73-335, and 73-75. Moreover, in AGO 73-335, this office concluded that a violation of s 116.111 could not be avoided by the abstention of the related board member from voting on the employment of that member's relative. As was observed in AGO 73-335, `[i]f each member of a commission were allowed to abstain, the board could conceivably employ a relative of each of its members,' and the proscription of the law would thereby be circumvented.
Section 116.111(1)(c) sets forth those classes of relationship which are covered by the prohibition of the statute as follows:
 `Relative' with respect to a public official, means an individual who is related to the public official as father, mother, son, daughter, brother, sister, uncle, aunt, first cousin, nephew, niece, husband, wife, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, stepfather, stepmother, stepson, stepdaughter, stepbrother, stepsister, half brother, or half sister.
Any question as to the applicability of the antinepotism law to the first relationship, `cousin-in-law,' has been answered by a previous opinion of this office. In AGO 77-130, this office stated: `While several `in-law' relationships are specified in s. 116.111(1)(c), there is no mention of the relationship of `cousin-in-law,'. . . . Thus, the fact that a job applicant's spouse is a cousin of a member of the employing body would not, by itself, constitute a violation of s. 116.111.' This is the identical situation of your first questioned relationship. Thus, I am of the opinion that this relationship would not prohibit the employment of the individual to the position of Home Demonstration Agent of Liberty County.
The other relationship involves another county commissioner who is married to the sister of the husband of the applicant. While the husband of the applicant is the brother-in-law of the county commissioner, the applicant as the wife of the brother-in-law, would not appear to be within one of the enumerated classes of relationship to which the prohibitions of s 116.111, F.S., are applicable. The application of the statutory rule of construction expressio unius est exclusio alterius, the express mention of one thing in a statute implies the exclusion of other things not mentioned, would lead to the conclusion that this employment is not prohibited. See generally, Thayer v. State,335 So.2d 815 (Fla. 1976) (where statute enumerates things on which it is to operate or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944). In AGO 70-71, this rule of construction was applied in reaching the conclusion that the relationship of `nephew-in-law' is not covered by the prohibitions of s 116.111. That opinion emphasized that the enumeration of the various relationships in the nepotism statute operates to exclude those classes of relationship not specifically included therein. See also, AGO 84-30. Further, the courts have made it clear that because the nepotism law is penal in nature, it must be strictly construed. See, State ex rel. Robinson v. Keefe, 149 So. 638
(Fla. 1933); accord, AGO 70-15. Therefore, it is my conclusion that the relationship created by marriage to the brother-in-law of one of the members of the board of county *2624 commissioners would not be within the classes of relationship that would activate the prohibition of s 116.111, F.S.
In conclusion, it is therefore my opinion that the prohibition contained in $116.111, F.S., is not applicable to the relationship of `cousin-in-law' nor to a relationship whereby the applicant is married to the brother-in-law of a member of the board of county commissioners.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General