Ms. Noreen S. Dreyer County Attorney Martin County 2401 Southeast Monterey Road Stuart, Florida 34996
Dear Ms. Dreyer:
You have asked substantially the following:
 Do the provisions of s. 116.111, F.S., Florida's Antinepotism Law, apply to the appointment of an individual to an unpaid position on an advisory board?
In sum, it is my opinion:
 The provisions of s. 116.111, F.S., operate to prohibit the appointment of a relative to a position on an advisory board, regardless of whether the position is compensated.
This office has been advised that a county commissioner wishes to appoint her spouse to an advisory board created by the county to assist the county commission in carrying out its governmental functions. While the members of the advisory board are not paid, they are reimbursed for their expenses.
Section 116.111, F.S., the Antinepotism Law, prohibits "public officials"[1] from appointing or employing relatives[2] to positions in agencies[3] over which they have supervision or control. In pertinent part, s. 116.111(2)(a), F.S., provides
 [a] public official may not appoint, employ, promote, or advance, or advocate for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control any individual who is a relative of the public official. . . . (e.s.)
I have not found, nor have you provided, any judicial decision which has considered whether the prohibitions and limitations contained in s. 116.111, F.S., apply to appointments to advisory boards. Section 116.111, F.S., contains no exception for boards, advisory or otherwise.[4]
In AGO 73-347, however, this office concluded that s. 116.111, F.S., would prohibit the appointment by a sheriff of a relative to the position of deputy sheriff even if the relative served without compensation. It was determined that the statutory language of s. 116.111, F.S., clearly prohibits any public officer from appointing or employing to any position in an agency over which the official exercises control any individual who is a relative of the appointing officer. The opinion states that "[t]he language of the statute covers all positions within the affected agency, paid as well as unpaid, and legislative purposes must be followed by the inclusion of unpaid as well as paid appointments within the statutory prohibition." (e.s.)
The language in s. 116.111, F.S., has not been amended in a manner such that the conclusion reached in AGO 73-347 would be changed.
Section 116.111, F.S., should be construed in light of its obvious intent to discourage nepotism by public officials in the appointment or employment of persons in public positions.[5]
Accordingly, s. 116.111, F.S., would prohibit the appointment by a county commissioner of a relative to an unpaid position on a governmental advisory board created by the county to assist the county commission in carrying out its governmental functions.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Section 116.111(1)(b), F.S., defines "[p]ublic official" as an officer, including a member of the Legislature, the Governor, and a member of the Cabinet, or employee of an agency in whom is vested the authority by law, rule, or regulation, or to whom the authority has been delegated, to appoint, employ, promote, or advance individuals or to recommend individuals for appointment, employment, promotion, or advancement in connection with employment in an agency. . . .
[2] Section 116.111(1)(c), F.S., defines "[r]elative" with respect to a public official as an individual who is related to the public official as father, mother, son, daughter, brother, sister, uncle, aunt, first cousin, nephew, niece, husband, wife, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, stepfather, stepmother, stepson, stepdaughter, stepbrother, stepsister, half brother, or half sister.
[3] Section 116.111(1)(a), F.S., defines "[a]gency" as 1. A state agency, except an institution under the jurisdiction of the Division of Universities of the Department of Education; 2. An office, agency, or other establishment in the legislative branch; 3. An office, agency, or other establishment in the judicial branch; 4. A county; 5. A city; and 6. Any other political subdivision of the state, except a district school board or community college district. (e.s.)
[4] Compare, s. 5(a), Art. II, State Const., prohibiting a person from holding at the same time more than one office under the government of the state and the counties and municipalities therein, except that "any officer may be a member of a . . . statutory body having only advisory powers."
[5] State ex rel. Robinson v. Keefe, 149 So. 638 (Fla. 1933).