PER CURIAM.
This cause is before us on appeal from a declaratory judgment finding that appellee Vince Seely, Sheriff of Escambia County, did not violate Florida’s antinepotism law, Section 116.111, Florida Statutes, when he promoted his brother, Richard Seely, three times.
On December 16, 1986, appellee filed a complaint for declaratory relief against appellant, Michael Morris, a private citizen and resident of Escambia County. Appel-lee sought a declaration of the applicability of Section 116.111, Florida Statutes, to the promotions of his brother within the Es-cambia County Sheriff’s Department and an injunction enjoining appellant from challenging and questioning the promotions and payments of salary to appellee’s brother.
Appellant filed an answer and a counterclaim seeking a declaration that the promotions of appellee’s brother were void ab initio and a writ of mandamus requiring appellee to demote his brother to corporal, the rank his brother held when appellee became sheriff.
The undisputed facts are as follows. Richard Seely was hired as a deputy sheriff by the Escambia County Sheriff’s Department on September 25, 1968. He became an investigator (later renamed “corporal”) on January 15, 1972, and was serving in that position when appellee was elected and sworn in as Sheriff of Escambia County on January 8, 1981. Appellee has held that position continuously since that time.
Appellee established a policy of abstaining from decision-making or advocacy of any kind whenever his brother was considered for a promotion. The Escambia County Civil Service Commission would submit a list of names from which one of the sheriff’s majors would select the new appointee. Once the decision was made, appellee or his designee would sign the promotion appointment. Using this selection process, Richard Seely was promoted to the position of sergeant on March 19, 1981, lieutenant on June 1, 1982, and captain on January 1, 1985, a position he presently holds. Appellant does not assert that Richard Seely is unqualified under Florida law to hold that position or that he has failed to comply with any training or educational requirements of Chapter 943, Florida Statutes.
Following a nonjury trial, the court ruled that appellee had not violated the antinepo-tism law by the promotions of his brother.
Section 116.111(2)(a), Florida Statutes, Florida antinepotism law, restricts the power of public officials to appoint or promote relatives and provides as follows:
A public official may not appoint, employ, promote, or advance, or advocate for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control any individual who is a relative of the public official. An individual may not be appointed, employed, promoted, or advanced in or to a position in an agency if such appointment, employment, promotion, or advancement has been advocated by a public official, serving in or exercising jurisdiction or control over the *661 agency, who is a relative of the individual.
The plain meaning of the above-quoted statute clearly applies to preclude the promotions in question here.[1] Appellee is a “public official” as defined by Section 116.-lll(l)(b), Florida Statutes, and his brother is a “relative” pursuant to Section 116.-lll(l)(c), Florida Statutes.
Although the Legislature has created exceptions to Section 116.111 for teachers hired by district school boards or community colleges and for the temporary employment of a relative in the event of an emergency, it has made no exception to Section 116.111 for the office of sheriff. Under the principle of expressio unius, exclusio alterius, no other exception may be inferred. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla.1952).
Accordingly, the judgment below is reversed and remanded for further proceedings consistent herewith.
ERVIN, BOOTH and WENTWORTH, JJ., concur.

. A sheriff who appoints a relative to the position of deputy sheriff violates the antinepotism law even if: (1) the relative is serving without compensation, 1973 Op. Att'y Gen. Fla. 073-347 (September 17, 1973); and (2) the sheriff abstains from voting on such employment, 1977 Op.Att’y Gen. Fla. 077-130 (December 20, 1977), 1973 Op.Att’y Gen. Fla. 073-335 (September 12, 1973).