605 So.2d 466 (1992)
Russell GALBUT, Appellant,
v.
CITY OF MIAMI BEACH, Appellee.
No. 92-86.
District Court of Appeal of Florida, Third District.
June 16, 1992.
On Motion for Rehearing October 13, 1992.
David H. Nevel, Miami Beach, for appellant.
Laurence Feingold, City Atty., and Jean K. Olin, First Asst. City Atty., Miami Beach, for appellee.
Before FERGUSON, COPE and LEVY, JJ.
COPE, Judge.
Russell Galbut appeals a declaratory judgment which construed Florida's anti-nepotism law, section 112.3135, Florida Statutes (1991). We reverse.
For ten years Russell Galbut served as a member of the Miami Beach Board of Adjustment, which rules on zoning appeals. The members of the Board serve without *467 compensation. Members of the Board are chosen by a five-sevenths vote of the Miami Beach City Commission for terms of one year.
In 1991 Galbut's father-in-law, Seymour Eisenberg, was elected to the City Commission. Thereafter, Galbut's term of membership on the Board of Adjustment expired and Galbut desired to seek reappointment. The City Attorney advised, however, that the anti-nepotism law prohibited Galbut from being reappointed.
Galbut brought a declaratory judgment action in circuit court, seeking a declaration that the anti-nepotism law did not preclude his reappointment. The circuit court adopted a general master's report which concluded that the anti-nepotism law applies to the Board of Adjustment, and that the law precludes Galbut's reappointment. Galbut has appealed.
Galbut first contends that the anti-nepotism law applies only to paid positions of employment, and does not apply to service on unpaid boards. We disagree. The statute provides, in part, "A public official may not appoint, employ, promote, or advance ... any individual who is a relative of the public official." Section 112.3135(2)(a), Fla. Stat. (1991). The use of the words "appoint" and "employ" in the same sentence indicate that the statute was intended to encompass not only paid employment, but also appointment to other positions. There is no indication in the text of the law that there was an intention to exempt service on unpaid boards from the coverage of the statute. We conclude that the Board of Adjustment is covered by the anti-nepotism law.
Galbut's second point, however, has merit. Insofar as applicable here, the anti-nepotism law provides, "A public official may not appoint ... or advocate for appointment ... to a position in the agency ... over which he exercises jurisdiction or control any individual who is a relative of the public official. An individual may not be appointed ... to a position in an agency if such appointment ... has been advocated by a public official ... exercising jurisdiction or control over the agency, who is a relative of the individual." Id. § 112.3135(2)(a) (emphasis added).
The statute is addressed to the individual public official and to the relative of that public official. It prohibits the public official from taking overt action to appoint a relative, either by making the appointment, or advocating the relative for appointment. Similarly, the relative may not accept the appointment if the appointment has been made or advocated by the related public official.
In the present case the appointing authority is a collegial body, the Miami Beach City Commission. Under the applicable ordinance, the concurrence of five commissioners is necessary in order to make the appointment. Commissioner Eisenberg's vote is not necessary for the appointment, so long as five of the other commissioners agree.
Under the terms of the anti-nepotism law, there is no proscription against Galbut's being reappointed, so long as Commissioner Eisenberg recuses himself, and so long as Commissioner Eisenberg does not in any way advocate Galbut for appointment. That is the plain meaning of the statute. Because this statute is penal in nature, see id. § 112.317, any doubt must be resolved in favor of a narrow construction so that the public official (and the official's relatives) are clearly on notice of what conduct is proscribed. See State v. Llopis, 257 So.2d 17, 18-19 (Fla. 1971).
It is said that Commissioner Eisenberg's mere presence on the City Commission constitutes, in and of itself, implied advocacy of Galbut's appointment. The statute does not, however, proscribe appointment on that basis. The statute only reaches affirmative action by the public official to make the appointment or advocate the appointment. Assuming recusal and no advocacy by Commissioner Eisenberg, the requirements of the statute are satisfied.[*]
*468 In this court and the proceeding below, the City has advocated a more expansive reading of the statute. Nothing precludes the City from adopting a stronger policy should it wish to do so.
The declaratory judgment is reversed.
FERGUSON, J., concurs.
LEVY, J., dissents.

ON MOTION FOR REHEARING
We have carefully considered the motion for rehearing filed by the City of Miami Beach, but for the reasons which follow, we adhere to the opinion previously filed in this case.
The City first points out that the anti-nepotism law does not impose criminal penalties for a violation. The City argues, therefore, that this court erred by treating the anti-nepotism law as being penal in nature and by following the rules of statutory construction appropriate for penal statutes.
While it is true that the anti-nepotism law does not impose criminal penalties, the law does impose a series of noncriminal penalties, which include civil penalties of up to $5,000 and removal from public office or employment, among other things. § 112.317, Fla. Stat. (1991). This renders the statute penal in nature, even though the penalties are civil rather than criminal.
Writing about an earlier version of the anti-nepotism law, the Florida Supreme Court held that the law must be "construed strictly as an act of such highly penal character is required to be construed." State ex rel. Robinson v. Keefe, 111 Fla. 701, 702, 149 So. 638 (1933). The statute being there construed, like the present statute, carried no criminal penalties but instead provided for removal from office and forfeiture of compensation. Ch. 16088, Laws of Fla. (1933).
The applicable rule of statutory construction, therefore, is that "statutes imposing a penalty must always be construed strictly in favor of the one against whom the penalty is imposed and are never to be extended by construction." Hotel & Restaurant Comm'n v. Sunny Seas No. One, Inc., 104 So.2d 570, 571 (Fla. 1958); accord State v. Llopis, 257 So.2d 17, 18 (Fla. 1971).
In accordance with the authority just cited, we must decline the invitation to interpret this statute expansively. We are obliged to interpret the statute as it is presently written. The City is, of course, free to adopt a stronger policy by ordinance, just as the legislature is free to amend the statute.
Because the issue presented by this case recurs with some regularity, as indicated by the opinions of the Commission on Ethics, we certify that we have passed on the following question of great public importance:
WHETHER THE ANTI-NEPOTISM LAW PROHIBITS THE APPOINTMENT OF A CITY COMMISSIONER'S RELATIVE TO THE CITY'S BOARD OF ADJUSTMENT WHERE (1) APPOINTMENTS ARE MADE BY A FIVE-SEVENTHS VOTE OF THE CITY COMMISSION; (2) THE RELATED CITY COMMISSIONER ABSTAINS FROM VOTING; AND (3) THE RELATED CITY COMMISSIONER TAKES NO ACTION WHICH IN ANY WAY ADVOCATES THE APPOINTMENT OF THE RELATIVE.
Rehearing denied; question certified.[**]
FERGUSON, J., concurs.
LEVY, J., dissents.
NOTES
[*] In other contexts in which an individual commissioner must recuse himself or herself because of conflict of interest, it has not been thought that the entire commission must also be recused.
[**] The City also asks us to certify direct conflict with Morris v. Seely, 541 So.2d 659 (Fla. 1st DCA), review dismissed, 548 So.2d 663 (Fla. 1989). That case dealt with the application of the anti-nepotism law to the situation in which a single official, the county sheriff, is the appointing authority. It did not in any way deal with the question whether, where the appointing authority is a collegial body, the anti-nepotism law precludes appointment of a relative where the related city commissioner abstains from voting and advocacy. We perceive no conflict between this case and Morris.