690 So.2d 1335 (1997)
CAPITAL NATIONAL FINANCIAL CORPORATION, Appellant,
v.
DEPARTMENT OF INSURANCE AND TREASURER, Appellee.
No. 96-826.
District Court of Appeal of Florida, Third District.
March 12, 1997.
Tew & Beasley and Alberto R. Cardenas and Matias R. Dorta, Miami, for appellant.
Christopher J. Karo, Tallahassee, and James B. Redner and Michael H. Davidson, for appellee.
Before JORGENSON, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
Capital National Financial Corporation, a premium finance company, appeals a final order of the Department of Insurance ruling that Capital violated section 627.8405(1), Florida Statutes (1993). We reverse.
The Department issued a notice of intent not to renew Capital's license for violation of section 627.8405(1). That section states, in pertinent part, that "[n]o premium finance company shall, in a premium finance agreement, provide financing for the cost of ... [a] membership in an automobile club." Capital finances insurance premiums, and, additionally it collects installment payments for automobile *1336 club memberships on behalf of insurance agents. The insurance agent sells the membership to the customer in conjunction with the sale of automobile insurance. Capital does not advance the funds or charge a fee for collecting this payment. The customer executes a separate billing disclosure form which describes Capital's collection of the costs.
Following a hearing on stipulated facts, the hearing officer concluded that Capital had not violated section 627.8405(1). Relying on the definition of "finance" as "to supply with funds through issuance of stocks, bonds, notes, or mortgages; to provide with capital or loan money as needed to carry on business, Black's Law Dictionary 5th Ed.," and "to supply the funds or capital for ... 2. to supply funds to ... 3. to provide credit to, Webster's Second New Riverside University Dictionary," the hearing officer concluded that "Capital is not supplying funds, providing credit, or loaning money. Capital has not advanced funds to the insurance agent or to the insured for the automobile memberships. It is acting merely as a collection agent. The credit provided comes either from the insurance agent or the automobile club."
The Insurance Commissioner accepted the Department's exceptions and concluded that Capital had violated section 627.8405. The Commissioner found that the hearing officer's definition of "financing" was too narrow. The Commissioner defined the verb "finance" as "to conduct the finances of" or to "engage in, or procure money for financial operations," and defined the noun "finance" as "management of monetary affairs, especially those involving large sums or investment funds." [1]
Section 627.8405(1) prohibits premium finance companies from providing financing for the cost of an automobile club membership. Section 627.827 defines "premium finance agreement" as "a promissory note or other written agreement by which an insured promises ... to pay to ... a premium finance company the amount advanced or to be advanced under the agreement to an insurer or to an insurance agent, in payment of premiums on an insurance contract together with a service charge...." No statutory definition is provided for the term "financing."
"[O]ne of the most basic rules of statutory construction, which is peculiarly applicable here ... [is] that a legislative word ... must be given its ordinary and commonly accepted meaning, as it is used in the particular statutory context." Hancock Adver., Inc. v. Department of Transp., 549 So.2d 1086, 1088 (Fla. 3d DCA 1989) (citation omitted), review denied, 558 So.2d 17 (Fla.1990). In prohibiting certain activities of a finance company in a finance agreement, it is clear that the ordinary and plain meaning of the term "financing" as it is used in that context is the advancement of money rather than the mere collection of funds as asserted by the Department. See Black's Law Dictionary 630 (6th ed. 1990) (defining verb "finance"); Webster's Third New Int'l Dictionary 851 (1986) (same). By its clear and unambiguous terms, the section does not prohibit the mere collection of automobile club membership fees. If the legislature had intended that the statute prohibit such activity, it could have written the statute to so provide. See Whitaker v. Department of Ins., 680 So.2d 528, 531-532 (Fla. 1st DCA 1996). This construction is entirely consistent with the legislative prohibition of the practice of "sliding" as defined in section 626.9541(1)(z), Fla.Stat. (1993).[2] The collection of automobile club *1337 costs does not involve the forbidden practice of selling consumers automobile club memberships at the same time they are obtaining automobile insurance coverage without the consumer's knowledge or informed consent: the premium finance company does not sell the membership to the consumer. Accordingly, we hold that section 627.8405(1) prohibits the advancement of, rather than the mere collection of, the cost of an automobile club membership. Therefore, we reverse the order.
In so holding, "we are cognizant of the rule that the administrative interpretation of a statute is entitled to great weight and ordinarily will not be disturbed by this court unless clearly erroneous or unauthorized. But equally binding upon this court is the rule that `highly regulatory and penal laws ought not to be extended by construction.'" Florida Indus. Comm'n v. Manpower, Inc. of Miami, 91 So.2d 197, 199 (Fla.1956) (citation omitted). Section 627.8405 is a penal statute and therefore must be strictly construed: among other penalties, the violation of this section may subject a premium finance company to non-renewal of its license. §§ 627.832(1), .833, Fla.Stat. (1993). See Manpower, Inc., 91 So.2d at 197; 49 Fla. Jur.2d Statutes § 14 (1984). "When a statute imposes a penalty, any doubt as to its meaning must be resolved in favor of a strict construction so that those covered by the statute have clear notice of what conduct the statute proscribes." City of Miami Beach v. Galbut, 626 So.2d 192, 194 (Fla.1993). We decline to approve a construction that impermissibly extends the statutory language and fails to notify licensees that the statute prohibits the practice of collecting club membership fees.
Moreover, even if we applied the Department's definition, the same result follows. The record shows that Capital's activities do not fall within that definition. Capital is not providing the procurement of money for financial operations or providing the management of monetary affairs. It is the insurance agent or the automobile club that has "procured" the membership cost by causing the customer to buy the membership. Black's Law Dictionary 1208 (6th ed. 1990) (defining "procure"). Furthermore, the management of monetary affairs involves control by direction, regulation or administration"[d]iscretionary power of direction." Id. at 960 (defining "management"). Here, Capital has no such discretion or control over the membership cost. E.g., Allstate Enter., Inc. v. Department of Revenue, 398 So.2d 849, 851 (Fla. 1st DCA 1981). Accordingly, we reverse the order.
Reversed and remanded.
NOTES
[1] Contrary to the final order, the hearing officer did not rely on the definition of "financing" as "borrowing money at interest." She defined "financing" as supplying funds, providing with capital or credit or loaning money as needed to carry on a business. This definition is in accordance with Black's Law Dictionary 630 (6th ed. 1990) ("As a verb, to supply with funds through the payment of cash or issuance of stocks, bonds, notes, or mortgages; to provide with capital or loan money as needed to carry on business."), and Webster's Third New International Dictionary 851 (1986) ("As a verb, 1. to raise or provide funds for. 2. to provide with necessary funds in order to achieve a desired end. 3. to sell on credit."). These definitions do not limit the term to the charging of interest for borrowing money.
[2] The Department has provided this court with legislative history which states that section 627.8405 was enacted to prevent "sliding." See § 626.9541(1)(z), Fla.Stat. (1995) (defining sliding). The Department, however, concedes that it has not accused Capital of engaging in that prohibited practice.