Mr. Chris Meffert Interim Executive Director Department of Business Professional Regulation Florida State Boxing Commission 1940 North Monroe Street Tallahassee, Florida 32399-1016
Dear Mr. Meffert:
You ask substantially the following question:
Does section 548.057(3), Florida Statutes, preclude the Florida State Boxing Commission from soliciting or accepting names of officials for licensure as referees, judges, or other officials from a sanctioning organization?
In sum:
Section 548.057(3), Florida Statutes, prohibits a sanctioning organization from influencing the appointment of any official for a contest, but does not preclude the Florida State Boxing Commission from soliciting or accepting names of qualified applicants for licensure as contest officials from a sanctioning organization.
You state that the Florida State Boxing Commission (commission) currently allows a sanctioning organization to suggest two judges to be appointed to a title fight sanctioned by the organization. The state commission appoints the third judge and the referee for the fight. During the 1999 legislative session, however, section548.057(3), Florida Statutes, was amended to provide:
"The commission shall ensure that all referees, judges, and other officials are Florida-licensed officials qualified pursuant to rules of the commission and that no sanctioning organization orpromoter has been permitted to influence the appointment of anyofficials, and shall prescribe the methods of scoring."[1]
(emphasis supplied)
The plain language of the statute charges the commission with the responsibility of making sure that no sanctioning organization or promoter has influenced the appointment of any officials overseeing a contest. The term "influence" is not statutorily defined, but has the common meaning "to affect or alter the conduct, thought, or character of by indirect or intangible means [and] to have an effect on the condition or development of."[2]
Where the Legislature has expressed its clear intent, there is no need to look further than the plain language of the statute to determine what the Legislature meant to do.[3]
Clearly, the current practice of a sanctioning organization or promoter suggesting two of the three judges to be appointed to serve at a contest is contrary to the Legislature's intent as expressed in the changes made to remove any influence such parties may have in such appointments.
Each boxing match involving a professional must have a referee designated by the commission but provided at the expense of the promoter.[4] Further, three judges must be in attendance at the contest at the expense of the promoter.[5] Other changes to Chapter 548, Florida Statutes, provide that the commission may delegate to the executive director the authority to appoint judges, referees, and other officials pursuant to commission rules.[6]
Section 548.017, Florida Statutes, requires a "professional participant, manager, trainer, second, timekeeper, referee, judge, announcer, physician, matchmaker, or booking agent or representative of a booking agent" to be licensed before directly or indirectly acting in such capacity with any professional match.[7] The commission, as the licensing entity, may require an oral examination in order to assess an applicant's qualifications and sets the licensing fees as prescribed by statute.[8]
Chapter 548, Florida Statutes, does not directly address the commission's solicitation or acceptance of names of individuals seeking Florida licensure as judges, referees, and other officials from promoters or sanctioning organizations. Such action by the commission would not appear to be related to the appointment of particular officials to a contest or match and would not, therefore, be prohibited by section 548.057(3), Florida Statutes.
Subsequent licensure of a recommended, qualified individual as an official does not in and of itself create the appearance of any greater influence in the appointment of that official over any other official licensed by the commission.
Accordingly, it is my opinion that while the boxing commission may not solicit or receive names of officials to be appointed to a contest from a promoter or sanctioning organization, there is no prohibition against any entity recommending the licensure of a specific official, and the commission may solicit or accept the names of individuals for licensure with the caveat that only those individuals qualified pursuant to the commission's rules will be granted licenses.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 129, Ch. 99-251, Laws of Fla.
[2] Webster's Third New International Dictionary (Unabridged 1981), p. 1160.
[3] See, e.g., City of Miami Beach v. Galbut, 626 So.2d 192
(Fla. 1993) (where statute is clear and unambiguous, court will not look behind statute's plain language for legislative intent);Cohen v. Florida Department of Law Enforcement, 654 So.2d 1058
(Fla. 1st DCA 1995) (where language of statute is unambiguous, statute should be accorded its plain and ordinary meaning).
[4] Section 548.057(1), Fla. Stat.
[5] Section 548.057(2), Fla. Stat.
[6] Section 114, Ch. 99-251, Laws of Fla. See also, s. 129, Ch. 99-251, Laws of Fla., amending s. 548.057 (2) and (3), Fla. Stat., requiring judges to be appointed by the executive director as delegated by the commission.
[7] Section 548.017(2), Fla. Stat., makes it a misdemeanor of the second degree to violate the licensing provisions.
[8] See, ss. 548.022 and 548.025, Fla. Stat.